PER CURIAM:
We have examined the record of trial, the assignments of error,[1] and the Government’s response, and we have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the appellant was committed. Consistent with his pleas, the appellant, who was assigned to the School of Infantry, was convicted of stealing $770.00 from three of his fellow marines by removing the currency from their trousers while they were sleeping in an open-bay barracks where the appellant had the over-night fire watch. He was sentenced to confinement for 90 days, forfeiture of $500 pay per month for 3 months, reduction to private, and a bad-conduct discharge. That punishment did not exceed the limits agreed upon in a pretrial agreement the appellant had concluded with the convening authority.
In his first assignment of error, the appellant complains that the administrative withholding of his off-base liberty privileges upon his release from the service of the sentence to confinement was tantamount to requiring him to serve restriction in excess of the punishment imposed as a result of this special court-martial. The appellant initially lodged this complaint in his trial defense counsel’s response to the staff judge advocate’s (SJA’s) post-trial recommendation pursuant to Rules for Courts-Martial (R.C.M.) 1105 and 1106. In that response, the appellant’s counsel questioned the purpose of such “restriction” and whether it could be justified for any administrative purpose. In reply to that submission, the SJA forwarded an addendum to his recommendation, which is the subject of the appellant’s second assignment of error. We shall address that issue below, but in that addendum, the SJA stated that the appellant was assigned to a particular company within the School of Infantry following his release from confinement and that all newly assigned members of that company were limited to on-base liberty for their first 30 days as an administrative measure to maintain good order and discipline and to prevent any service discrediting incidents in the local community. The SJA also stated that the measure was non-punitive, was consistent with the use of liberty cards for regulating the privilege of off-base liberty utilized throughout the School of Infantry, and was authorized under R.C.M. 304(h) and 306.
The first of these rules provides: “Administrative restraint. Nothing in this rule prohibits limitations on a servieemember imposed for operational or other military purposes independent of military justice, including administrative hold or medical reasons.” *867 R.C.M. 304(h). R.C.M. 306 concerns the initial disposition of offenses, and although there is no indication that the appellant had committed any offense other than the one of which he was convicted, part of that Rule states: “Administrative action. A commander may take or initiate administrative action, in addition to or instead of other action taken under this rule, subject to regulations of the Secretary concerned.” R.C.M. 306(e)(2).
Whatever application R.C.M. 306 may have to this appellant, R.C.M. 304(h) recognizes a long-standing distinction concerning punitive restriction and the imposition of administrative restraint pending the completion of appellate review even where a sentence to some type of physical restraint has been fully served. See United States v. Petroff-Tachomakojf, 5 C.M.A. 824, 19 C.M.R. 120, 1955 WL 3408 (1955) (holding that post-trial restriction of accused was reasonable measure to ensure physical presence awaiting the completion of appellate review under 1951 Manual for Courts-Martial, ¶¶ 21 d and 89c(6)); United States v. Watkins, 4 C.M.R. 245,1951 WL 2329 (A.B.R.1951) (holding that administrative restriction pending completion of appellate review was not punitive and did not add to the accused’s punishment under 1949 Manual for Courts-Martial, ¶ 19b).
More recent decisions, however, have considered this distinction when the issue was whether the imposition of restraint had triggered the speedy trial clock under R.C.M. 707. In this pretrial context, the U.S. Court of Military Appeals has stated that “the test is whether the primary purpose in imposing conditions on liberty is to restrain an accused prior to trial in order to assure his presence at trial or to avoid interference with the trial process.” United States v. Bradford, 25 M.J. 181,186 (C.M.A.1987). In applying this test, the Court also stated that “an administrative restriction under R.C.M. 304(h) must not become a subterfuge whereby a commander may avoid a successful claim that speedy trial has been denied ..., [and a court] may inquire whether the same conditions would have been imposed, even if no trial by court-martial were in prospect.” Id. If “the primary purpose of the command in imposing or in continuing conditions on an accused’s liberty is related to an upcoming court-martial, ... [speedy trial] applies.” Id. at 186-87. In essentially the same circumstances, the Court of Military Appeals has also stated: “The Manual is concerned with impairments of a servicemember’s freedom which derive from his status as an accused, rather than those which are shared with all members of his unit.” United States v. Facey, 26 M.J. 421, 425 (C.M.A.1988).
Applying the rationale of these cases to the post-trial scenario that is before us, it does not appear that the revocation of the appellant’s off-base liberty privileges was a subterfuge to continue the punishment of this particular appellant but was a restriction that was “shared with all members of his unit.” In addition, it does not appear that the restriction was imposed because the appellant had been convicted and punished at a court-martial but because he was assigned to that particular company. The fact that the appellant disputes whether the purpose or purposes behind the unit-wide limitation could be justifiably applied to him may be a complaint that he could have raised with his unit commander and under Article 138, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 938, but we conclude that it is not a matter which entitles the appellant to any relief at this court-martial.
As to the appellant’s second assignment of error, he asserts that new adverse matter was raised in the SJA’s addendum to the post-trial recommendation when the SJA stated that the appellant “has demonstrated by his past behavior that he is not trustworthy.” There is no reference in the recommendation, however, to any past misbehavior except the appellant’s thefts from his three fellow marines. Although an adverse inference may be drawn from the ambiguity in this statement, there is no “new” matter mentioned, and we conclude that R.C.M. 1106(f)(7) does not apply.
*868 The appellant’s remaining assignments of error are also without merit. Weiss v. United States, — U.S.-, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994); United States v. Mitchell, 37 M.J. 903 (N.M.C.M.R.) (en banc), petition granted, 38 M.J. 313 (C.M.A.1993).
Accordingly, the findings and sentence, approved on review below, are affirmed.

. I. THE RESTRICTIONS PLACED ON APPELLANT UPON HIS RELEASE FROM CONFINEMENT CONSTITUTED PUNISHMENT WHICH EXCEEDED APPELLANT'S SENTENCE.
II. THE STAFF JUDGE ADVOCATE FAILED TO SERVE TRIAL DEFENSE COUNSEL WITH HIS ADDENDUM AND THUS DEPRIVED APPELLANT OF THE OPPORTUNITY TO REBUT ADVERSE MATTERS PRESENTED TO THE CONVENING AUTHORITY.
III. THE COURT-MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)
IV. THE COURT-MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)
V. THIS COURT DOES NOT HAVE POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)
VI. THIS COURT HAS NO POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)
VII. THE JUDGE ADVOCATE GENERAL OF THE NAVY'S PREPARATION OF NAVY-MARINE CORPS COURT OF MILITARY REVIEW JUDGES' FITNESS REPORTS VIOLATES APPELLANT'S RIGHT TO AN IMPARTIAL JUDICIAL FORUM. (CITATION OMITTED.)